Law Offices of Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
(619) 992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff Mohammad Ali Hedayati

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MOHAMMAD ALI HEDAYATI,<br><br>        Plaintiff,<br><br>vs.<br><br>THE PERRY LAW FIRM, APLC; AND DOES 1-10<br><br>        Defendant | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ |

Now COMES plaintiff MOHAMMAD ALI HEDAYATI, by and through his attorney THE LAW OFFICE OF ANDREW P RUNDQUIST, in his claim for damages against defendant THE PERRY LAW FIRM; and DOES 1-10, Inclusive.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 1

## I.     INTRODUCTION

1.     This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, that was enacted by the United States Congress after it found abundant evidence of the use of abusive, deceptive and unfair collections practices by many debt collectors contributing to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.  Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II.     JURISDICTION

2.     Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.     This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.*  While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 2

### III.   VENUE

4.     Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.   PARTIES

5.     Plaintiff MOHAMMAD ALI "BRUCE" HEDAYATI is a natural person residing in Orange County, California.  At all relevant times, Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6.     Defendant THE PERRY LAW FIRM, APLC ("PERRY") is a corporation organized under the laws of the state of California and its principal place of business is located at 20523 Crescent Bay Dr. Fl. 2, Lake Forest, Orange County, CA 92630.  PERRY may be served as follows: The Perry Law Firm, APLC, c/o Michael R. Perry, Founder / Senior Partner, 20523 Crescent Bay Dr. Fl. 2, Lake Forest, Orange County, CA 92630.  Upon information and belief, the principal business of PERRY is the collection of defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce and PERRY

regularly attempts to collect, both directly and indirectly, consumer debt asserted to be due another.  Per its website, PERRY has collected over $4,000,000.00 in delinquent common-interest-development assessments since 2011 for its more than 250 community association clients. *See* https://perrylaw.us.  PERRY is thus a "debt collector" per 15 U.S.C. § 1692a(6).

7.     Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state.  The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it.  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of PERRY.

8.     At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 4

commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

9.     Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names.  Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants.  Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V.     FACTUAL ALLEGATIONS

### A.     PERRY'S Foreclosure Lawsuit to Recovery Delinquent Homeowner's Assessments.

10.     On August 27, 2015, PERRY commenced a lawsuit in Orange County Superior Court under Case# 30-2015-00806689-CL-BC-CJC against homeowner Mohammad Hedayati to recover delinquent common-interest-development assessments related to real property located at 5011 Corkwood Ln, Irvine, Orange County, CA 92614.  The alleged obligation, per PERRY'S lawsuit, was related to "the regular maintenance, special, capital improvement, reimbursement, and/or other assessments or duly-levied fines" and totaled

$7,635.26. (Ex. 1, Bate Stamp #7  ¶ 10).  These homeowner's dues were assessed for services the HOA rendered in maintaining and improving the private residence located at 5011 Corkwood Ln. and the common areas around the private residence.  The HOA'S services were for the benefit of the private residence insofar as the services maintained and improved the aesthetic and infrastructure of the Common Interest Development, and thus maintained and improved the value of the private residence.  The homeowner's dues were also used for HOA administration, insurance, management and operation and maintenance of common areas for which each owner in the HOA had an interest appurtenant to the owner's lot.  The alleged obligation was thus incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**B.**      **PERRY Unlawfully Directs its Collection Efforts Toward Plaintiff and Ignores Plaintiff's Notice Their Collection Efforts Are Directed Toward the Incorrect Individual.**

11.      Prior to PERRY filing its foreclosure lawsuit on August 27, 2015 and prior to PERRY attempting service of the foreclosure lawsuit, PERRY placed multiple phone calls to Plaintiff to collect the debt sought in the foreclosure lawsuit.  In at least 3 phone conversations Plaintiff had with PERRY before the foreclosure lawsuit was filed and served, Plaintiff repeatedly informed PERRY

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 6

Plaintiff was the wrong Mohammad Hedayati and Plaintiff had never owned any interest in the foreclosure address, i.e. 5011 Corkwood Ln.

12.     Before PERRY'S foreclosure lawsuit was filed, PERRY attempted service of certain legal documents related to 5011 Corkwood Ln. upon Plaintiff at Plaintiff's rental property located at 42 Hallcrest Dr., Ladera Ranch, CA.  Plaintiff's tenant received the documents.  Thereafter Plaintiff informed PERRY they had the wrong Mohammad Hedayati, that Plaintiff had never owned any interest in 5011 Corkwood Ln. and the Mohammad Hedayati named in Foreclosure suit had never owned any interest in Plaintiff's property located at 42 Hallcrest Dr.

12.     Despite Plaintiff's dispute of the debt and informing PERRY they had the wrong Mohammad Hedayati, PERRY ignored Plaintiff's dispute and began attempting service of the foreclosure lawsuit at Plaintiff's 42 Hallcrest Dr. rental property and at Plaintiff's business address: U.S. Floor, Kitchen & Bath, Inc., 30092 Santa Margarita Pkwy., Rancho Santa Margarita, CA.

13.     During these service attempts at Plaintiff's rental property, Plaintiff again informed PERRY the Mohammad Hedayati named in Foreclosure suit had neither lived at nor had any interest in Plaintiff's rental property.  Plaintiff requested PERRY to stop harassing Plaintiff's tenants with service attempts, but

PERRY ignored Plaintiff's request and continued attempting service at Plaintiff's rental property.

14.     During the service attempts at Plaintiff's business, Plaintiff informed PERRY the Mohammad Hedayati named in Foreclosure suit owned no interest in, nor was an employee of Plaintiff's business and could not be found at Plaintiff's business address.  Regardless, PERRY continued service attempts at Plaintiff's business and on September 10, 2015, filed a proof of service with the state court stating the Foreclosure summons, complaint and lis pendens had been properly served at Plaintiff's business address via substitute service. (Ex 2 Bate Stamp #23-26).

**C.     Perry Obtains Default Judgment, Serves Upon Plaintiff Order Directing Sheriff to Sell Property and Abstract of Judgment is Issued.**

15. Despite PERRY being on notice its foreclosure collection efforts were illegally directed toward Plaintiff who had no interest in the Foreclosure property, Default and Default Judgment was later entered in PERRY'S lawsuit in the amount of $10,684.38.  Exhibit 3, Bate Stamp 30, ¶ 1.  PERRY then served the Judgment Order upon Plaintiff, which stated in part "The sheriff of Orange County shall sell the real estate hereinafter described, or as much of it as may be necessary, in the manner prescribed by law."  Exhibit 3, Bate Stamp 31 ¶ 2.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 8

18.     A party who obtains a money judgment may create a judgment lien on real property owned by the judgment debtor by recording an abstract of judgment with a county recorder. (Code Civ. Proc., §§ 674, 697.310.) The abstract of judgment attaches to all the judgment debtor's ownership interests in real property in the county where the abstract is recorded, makes the judgment creditor a secured creditor and attaches to real property acquired by the debtor in the future. (§ 697.340; *Federal Deposit Ins. Corp. v. Charlton* (1993) 17 Cal.App.4th 1066, 1070 (Charlton).)

19.     On January 28th, 2016, PERRY submitted its Abstract of Judgment to court clerk listing the Name and last known address of the "Judgment Debtor" as "Mohammad Hedayati, as an individual, 30092 Santa Margarita Parkway Rancho Santa Margarita, CA 92688-3606.  The Abstract of Judgment states "Summons…was personally served or mailed to (name and address): Mohammad Hedayati, as an individual 30092 Santa Margarita Parkway, Rancho Santa Margarita, CA 92688-3606."  Exhibit 4 Bate Stamp 33-35.

20.     PERRY, in listing Plaintiff's address on the abstract, effectively encumbered all of Plaintiff's real property with a judgment lien despite knowing Plaintiff was not the Mohammad Hedayati named in Foreclosure suit and Plaintiff had no interest in the foreclosure property.

21.   On February 4th, 2016 the Orange County court clerk issued the Abstract of Judgment.   Exhibit 4, Bate Stamp 33-35

## D.   **Defendant Promptly Records Abstracts of Judgment in 5 California Counties.**

22.   [A]n abstract of judgment is recorded by the prevailing party after a court has awarded judgment and it attaches to all the losing party's ownership interests in real property in the county in which the abstract is recorded. (§ 697.340.)

23.   On 3/22/16, PERRY had recorded in Riverside County Recorder's Office an Abstract of Judgment assigned Document Number 2016-0109370. Exhibit 5 Bate Stamp 36-37.

24.   On March 21st, 2016, PERRY had recorded in Los Angeles County Recorder's Office an Abstract of Judgment assigned number 20160307132.  Exhibit 6 Bate Stamp 38-42.

25.   On March 24th, 2016, PERRY had recorded in San Diego County Recorder's Office an Abstract of Judgment assigned "Document # 2016-0133263".  Exhibit 7 Bate Stamp 43-44.

26.   On March 22nd, 2016, PERRY had recorded in Orange County Recorder's Office an Abstract of Judgment assigned number 2016000118166. Exhibit 8 Bate Stamp 45-47.

27.     On March 24th, 2016, PERRY had recorded in San Bernardino County Recorder's Office an Abstract of Judgment assigned Document number 20160111478. Exhibit 9 Bate Stamp 48-49.

**E.     Sundry of County Recorders Notify Plaintiff of Attachment of Involuntary Liens**.

20.     On or about March 23rd, 2016 Plaintiff received **NOTICE OF INVOLUNTARY LIEN** from the Los Angeles Recorder against Plaintiff's property.  Notice also stated "California law provides that a lien cannot be released without a signed release from the claimant." Exhibit 10 Bate Stamp 50-55.

21.     On or about March 29th, 2016, Plaintiff received notice from the Orange County Recorder's office an involuntary lien "**has been recorded in our office that references your last known address**."  Exhibit 11 Bate Stamp 56-59.

22.     On or about March 29th, 2016, Plaintiff received notice from the San Bernardino Recorder "**NOTICE OF INVOLUNTARY LIEN RECORDED WITH THE OFFICE OF THE SAN BERNARDINO COUNTY RECORDER**."   Exhibit 12 Bate Stamp 60-64.

**F.     Foreclosure Judgment is Set Aside and Judgment Creditor is Exclusive Party to Prepare Lien Releases.**

23.     On June 6th, 2016, Judge Corey Cramin signed a joint stipulation in the matter Parkside Community Association v. Mohammad Hedayati court file # 30-2015-00806689, whereby the proof of service was withdrawn, the default and default judgment were set aside and the abstracts were withdrawn.  Exhibit 13 Bate Stamp 65-68.

Ca. Code Civ. Pro. 697.370(a) allows the Judgment Creditor to release from the judgment lien all or part of the real property subject to the lien and a release is sufficient if executed by the judgment creditor containing all the information detailed in CCP 697.370(a)(1)-(5).  The Judgment Creditor may release from the judgment lien all or a part of the real property subject to the lien by recording with the county recorder a properly executed release. Ca. Code Civ. Proc. S 697.400(c).

**G.     Defendant Defiantly Remains Recalcitrant in Failing to Prepare or Record Lien Releases, Recorders' Offices Continue to Assert Judgment Remains Intact and Plaintiff Judgment to Judgment Creditor's Enforcement Remedies.**

24.     Despite the judgment being set aside almost 1 year ago and being on notice to prepare and record lien releases, and service of the homeowner in the foreclosure lawsuit effectuated in November 2016, PERRY has failed to

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 12

record lien releases.  Defendant has violated the FDCPA by declaring and continuing to publish in the respective County Recorders' Offices Defendant obtained and maintains a valid final judgment on behalf of client/judgment creditor, despite the judgment being set aside June 2016.  Furthermore, outstanding judgment liens published on the respective County Recorders' Offices infer the outstanding judgment liens will attach to all real property owned by Plaintiff in the future.

25.   Judgment liens attach to all real property owned by Judgment Debtors in any county where the abstract is recorded, i.e.  counties of Orange, Los Angeles, San Bernardino, Riverside and San Diego.   Consequently, the outstanding judgment liens as currently published in the respective County Recorders' Offices violate the FDCPA by creating the false, deceptive, and/or misleading representation and implication Defendant on its client's behalf, retains the right to enforce the judgment lien through the seizure, attachment or sale of Plaintiff's property, despite the judgment being set aside June 2016.

26.   Defendant violated the FDCPA by wrongfully publicizing in the respective County Register of Actions valid judgment liens remain intact.

27.   The Outstanding judgment liens as published on the County Recorders' Office continue to expose plaintiff to publicity, which cause at least as

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 13

much improper public exposure as communicating with a consumer via post card or sending mail with a symbol other than the debt collector's address.

28.   Defendant maintaining the validity of the judicial lien recorded against Plaintiff's property as published in the respective County Recorders is comparable to taking or threatening to take a non-judicial action to effect the dispossession of property in which the debt collector has no enforceable security interest, despite the judgment being set aside in June 2016.

29.   Defendant's improper retention of judicial liens on Plaintiff's property and failing to release the judgment liens, despite Defendant agreeing to set aside the Foreclosure judgment almost 1 year ago, caused Plaintiff significant emotional distress and anxiety.  Plaintiff was forced to hire an attorney to investigate the matter, contact Defendant to cease collection efforts and ultimately bring this lawsuit.

31.   Plaintiff has a good-faith belief Defendant's conduct described is violative of the FDCPA, and, in bringing these claims against Defendant, Plaintiff does not intend to harass Defendant.  Plaintiff's intent is to be vindicated as Congress intended when enacting the FDCPA.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

32.     Plaintiff brings this first claim for relief against Defendant under the FDCPA, 15 U.S.C. §§ 1692. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

33.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

34.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6)

35.  The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

36.   Defendant has violated the FDCPA.  The violations include, but are not limited to,

a.   Defendant's conduct runs afoul of the FDCPA in that the outstanding judgment liens violate 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of the debt in the respective County Register of Actions by declaring and publishing defendant obtained and maintains a valid final judgment on behalf of client/judgment creditor, despite the judgment being set aside June 2016.  Furthermore, the outstanding judgment liens represent they will

attach to all real property owned by Plaintiff in the future and enforce the liens through forced sale of Plaintiff's property.

        b.    Judgment liens by operation of law attach to any real property owned by Judgment Debtor, i.e. counties of Orange, Los Angeles, San Bernardino, Riverside and San Diego.   Consequently, the outstanding judgment liens as published in the respective County Recorders' Offices violate 15 U.S.C. § 1692e(4) by creating the false, deceptive, and/or misleading representation and implication Defendant on its client's behalf, retains the right to enforce the judgment lien through the seizure, attachment or sale of Plaintiff's property, despite the judgment being set aside June 2016.

        c.    Judgment liens by operation of law attach to any real property owned by Judgment Debtor, i.e. counties of Orange, Los Angeles, San Bernardino, Riverside and San Diego. Defendant's maintenance of the judgment liens violate 15 U.S.C. § 1692e(5) by wrongfully publicizing in the County Registers of Action valid judgment liens remain intact and will attach to all real property owned by Plaintiff in the future, despite the judgment being set aside.

        d.    Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. §§ 1692e, e(10): using false, misleading and deceptive means in connection with the attempt to collect a debt insofar as Defendant falsely represented Plaintiff's property could be legally encumbered by a judgment lien,

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 16

despite judgment being set aside in June 2016.  The outstanding judgment liens as made public on the respective County Recorders' Offices falsely represent Parkside Community Association retains a valid enforceable final judgment against Plaintiff and can enforce the judgment lien through seizure, attachment or sale of Plaintiff's property. This constitutes a violation of 15 U.S.C. § 1692e(10).

        e.      Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. § 1692f:  Defendant employed unfair and/or unconscionable means to collect an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692f by maintaining the outstanding judgment liens and failing to record lien releases with the respective county recorders, despite the Judgment being set aside in June 2016. By failing to record lien releases, the outstanding judgment liens as made public on the respective County Recorders' Offices falsely represent Parkside Community Association retains a valid enforceable final judgment against Plaintiff and can enforce the judgment lien through seizure, attachment or sale of Plaintiff's property. This constitutes a violation of 15 U.S.C. § 1692f.

        f.      Defendant violated 15U.S.C. S 1692f(1) by attempting to collect an amount on a debt not permitted by law by faithfully maintaining its recorded liens and failing to record lien releases with the respective county recorders.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 17

g.      Outstanding judgment liens as published on the County Recorders' Offices continue to expose Plaintiff to publicity, which cause at least as much improper public exposure as communicating with a consumer via post card or sending mail with a symbol other than the debt collector's address.  See 15 U.S.C. § 1692f(7)-(8).

h.      Defendant violated 15 U.S.C. §  1692f(6) as maintaining the validity of the judicial liens recorded against Plaintiff's property as published in the respective County Recorders is comparable to taking or threatening to take a non-judicial action to effect the dispossession of property in which the debt collector has no enforceable security interest, despite the judgment being set aside in June 2016.

i.      Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. § 1692d: engaging in conduct the natural consequence of which was to harass, abuse and oppress Plaintiff.  Defendant employed unfair and/or unconscionable means to collect an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692d by maintaining the outstanding judgment liens and failing to record lien releases with the respective county recorders, despite the Judgment being set aside in June 2016.  By failing to record lien releases, the outstanding judgment liens as made public on the respective County Recorders' Offices falsely represent Parkside Community Association retains a valid enforceable final judgment against

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 18

Plaintiff and can enforce the judgment lien through seizure, attachment or sale of Plaintiff's property

37.     Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay a debt he does not owe and to perfect its attachment rights to any property owned by Plaintiff.  Because of Defendant's violations of the FDPCA, Plaintiff has been caused to suffer mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair. As a result of Defendant's violations of the FDPCA, Plaintiff entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

- •     Assume jurisdiction in this proceeding;

- •     Declare that Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(10), 1692d, 1692f, 1692f(1), 1692f(6) and 1692g(a);

- •     Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 19

• Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

• Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

• Award Plaintiff such other and further relief deemed proper and just.

Date: <u>April 14th, 2017</u>                    Respectfully submitted,

**The Law Office of Andrew P Rundquist**

By: <u>/s/ Andrew Rundquist</u>

Andrew Rundquist  (SBN: 262523)
ATTORNEY FOR PLAINTIFF

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE Plaintiff, MOHAMMAD ALI HEDAYATI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.                    <u>/s/ Andrew Rundquist</u>

Andrew Rundquist  (SBN: 262523)
ATTORNEY FOR PLAINTIFF

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 20



COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, ET SEQ - 21