Law Offices of Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
(619) 992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff Mohammad Ali Hedayati
and Plaintiff Mohammad Hedayati

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MOHAMMAD ALI HEDAYATI; MOHAMMAD HEDAYATI<br><br>Plaintiffs,<br><br>vs.<br><br>THE PERRY LAW FIRM, APLC; AND DOES 1-10<br><br>Defendant | Case No.: 8:17-cv-00688-DOC-DFM<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DET COLLECTION PRACTICES ACT (15 U.S.C. §§ 1692, ET SEQ |

Now COMES plaintiffs MOHAMMAD ALI HEDAYATI ("non-homeowner Hedayati") and MOHAMMAD HEDAYATI ("homeowner Hedayati") by and through their attorney THE LAW OFFICE OF ANDREW P RUNDQUIST, in their claim for damages against defendant THE PERRY LAW FIRM, APLC; and DOES 1-10, Inclusive.

## I. INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, that was enacted by the

1

United States Congress after it found abundant evidence of the use of abusive, deceptive and unfair collections practices by many debt collectors contributing to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II.   JURISDICTION

2.   Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.   This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et. seq*. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III.   VENUE

4.   Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.   PARTIES

5.   Plaintiff non-homeowner MOHAMMAD ALI HEDAYATI is a

natural person residing in Orange County, California.  At all relevant times, MOHAMMAD ALI HEDAYATI was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).  Non-homeowner MOHAMMAD ALI HEDAYATI has never resided at, nor owned any interest in the foreclosure address 5011 Corkwood Ln, Irvine Ca.

      6.      Plaintiff homeowner MOHAMMAD HEDAYATI is an individual and resident of Orange County, California.  At all relevant times alleged herein, Plaintiff homeowner MOHAMMAD HEDAYATI was and is the owner of the premises located at 5011 Corkwood Ln, Irvine California, which is located within the Parkside Community Association development and he is a member of the Association.  At all relevant times Plaintiff homeowner HEDAYATI was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

      7.      Defendant THE PERRY LAW FIRM, APLC ("PERRY") is a corporation organized under the laws of the state of California and its principal place of business is located at 20523 Crescent Bay Dr. Fl. 2, Lake Forest, Orange County, CA 92630.  PERRY may be served as follows: The Perry Law Firm, APLC, c/o Michael R. Perry, Founder / Senior Partner, 20523 Crescent Bay Dr. Fl. 2, Lake Forest, Orange County, CA 92630.  Upon information and belief, the principal business of PERRY is the collection of defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce and PERRY regularly attempts to collect, both directly and indirectly, consumer debt asserted to be due another.  Per its website, PERRY has collected over $4,000,000.00 in delinquent common-interest-development assessments since 2011 for its more than 250 community association clients. *See* https://perrylaw.us.  PERRY is thus a "debt collector" per 15 U.S.C. § 1692a(6).

8. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiffs at this time and Plaintiffs therefore sue said Defendant by such fictitious name. Plaintiffs are informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiffs will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiffs discover it. Plaintiffs are informed and believes, and thereon alleges, Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiffs are informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiffs for the acts of PERRY.

9. At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

10. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V. FACTUAL ALLEGATIONS

### A. PERRY Commences a Foreclosure Lawsuit and Obtains a Judgment Related to Unpaid HOA Assessments Arising From 5011 Corkwood Ln, Irvine Ca.

11. On August 27, 2015, PERRY filed a foreclosure lawsuit on behalf of its client Parkside Community Association in Orange County Superior Court under Case# 30-2015-00806689-CL-BC-CJC against homeowner Plaintiff Mohammad Hedayati to recover delinquent common-interest-development assessments related to real property located at 5011 Corkwood Ln, Irvine, Orange County, CA 92614. The alleged obligation, per PERRY'S lawsuit, was related to "the regular maintenance, special, capital improvement, reimbursement, and/or other assessments or duly-levied fines" and totaled $7,635.26. These homeowner's dues were assessed for services the HOA rendered in maintaining and improving the private residence located at 5011 Corkwood Ln. and the common areas around the private residence. The HOA'S services were for the benefit of the private residence insofar as the services maintained and improved the aesthetic and infrastructure of the Common Interest Development, and thus maintained and improved the value of the private residence. The homeowner's dues were also used for HOA administration, insurance, management and operation and maintenance of common areas for which each owner in the HOA had an interest appurtenant to the owner's lot. The alleged obligation was thus incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On January 1st, 2016, Judge Corey S. Cramin entered judgment in the HOA Foreclosure lawsuit in favor of Parkside Community Association and against

homeowner Mohammad Hedayati in Orange County Superior Court under Case# 30-2015-00806689-CL-BC-CJC in the amount of $10,684.38.

    **B.**    **As a Result of the Judgment in the HOA Foreclosure Lawsuit, Defendant PERRY Promptly Records Abstracts of Judgment in 5 California Counties.**

    13.    An abstract of judgment is recorded by the prevailing party after a court has awarded judgment and it attaches to all the losing party's ownership interests in real property in the county in which the abstract is recorded. (CCP § 697.340.)

    14.    On 3/22/16, PERRY had recorded in Riverside County Recorder's Office an Abstract of Judgment assigned Document Number 2016-0109370.

    15.    On March 21st, 2016, PERRY had recorded in Los Angeles County Recorder's Office an Abstract of Judgment assigned number 20160307132.

    16.    On March 24th, 2016, PERRY had recorded in San Diego County Recorder's Office an Abstract of Judgment assigned "Document # 2016-0133263".

    17.    On March 22nd, 2016, PERRY had recorded in Orange County Recorder's Office an Abstract of Judgment assigned number 2016000118166.

    18.    On March 24th, 2016, PERRY had recorded in San Bernardino County Recorder's Office an Abstract of Judgment assigned Document number 20160111478.

    **C.**    **As Result of Judgment Obtained by Perry, in March 2016 Plaintiff Non-homeowner Mohammad Ali Hedayati Receives A Sundry of County Recorders Notifying Him of Attachment of Involuntary Liens**.

    19.    As a result of Defendant PERRY effectuating service of the HOA

6

Foreclosure Lawsuit on Plaintiff non-homeowner in September 2015, on or about March 23rd, 2016 Plaintiff non-homeowner Mohammad Ali Hedayati received **NOTICE OF INVOLUNTARY LIEN** from the Los Angeles Recorder against Plaintiff's property, which stated in part,

## NOTICE OF INVOLUNTARY LIEN

California Government Code Section 27297.5 requires the County Recorder to notify persons against whom an involuntary lien has been recorded.

You are hereby notified that the enclosed document <u>may</u> constitute a lien against your real property.

California law provides that a lien cannot be released without a signed release from the claimant.

You may wish to contact the lien claimant or your attorney regarding this matter. This department has no involvement with the placement of the lien on your property. This is merely a notification, as required by State Law, to assure that you are aware of the lien.

> ➤ PLEASE DO NOT TELEPHONE THE RECORDER'S OFFICE.
> ➤ WE HAVE NO ADDITIONAL INFORMATION REGARDING THIS MATTER.
> ➤ <u>CONTACT THE PERSON CLAIMING THIS LIEN AGAINST YOU.</u>

20. On or about March 29th, 2016, Plaintiff non-homeowner received notice from the Orange County Recorder's office an involuntary lien "**has been recorded in our office that references your last known address**," as reflected below

Dear HEDAYATI MOHAMMAD:

Please find enclosed a recent recording that may affect your property.

As you may know, one of the services that the Orange County Clerk-Recorder provides is the examining and recording of all documents that deal with establishing ownership of real property in the county. The department also records other documents such as deeds of trust, releases and liens.

As a courtesy, this letter is to inform you that a lien has been recorded in our office that references your last known address. A copy of the recorded lien has been included for your reference. For your information, a lien is a claim placed against real or personal property for the satisfaction of some debt or duty.

**Please refer to the enclosed copy of the lien for more information concerning this matter. You may also wish to contact an attorney for more details.**

Thank you.

Document Title: ABSTRACT JUDGMT
Document Number: 2016000118166
Claimant: PARKSIDE COMMUN ASSN

21.     On or about March 29th, 2016, Plaintiff non-homeowner received notice from the San Bernardino Recorder, stating in part

> **NOTICE OF INVOLUNTARY LIEN RECORDED WITH THE OFFICE OF THE SAN BERNARDINO COUNTY RECORDER**
>
> Pursuant to Government Code Section 27297.5, the County Recorder must notify persons against whom an involuntary lien is recorded. You are hereby notified that a copy of the recorded document enclosed may be a lien against your real property.
>
> The Recorder's Office has no further information or documentation in this matter.
>
> Any questions or inquiries you may have must be directed to the plaintiff, creditor, or attorney shown on the enclosed copy.

**D.  In April and May 2016, PERRY Promises to Release the Judgment Liens Recorded as Result of Judgment Obtained in the HOA Foreclosure Lawsuit.**

22.     On April 27, 2016, Dena N. Sites Esq., who was and is employed by Defendant PERRY, received a voicemail from attorney Michael Ayaz Esq., who was calling on behalf of Plaintiff homeowner Mohammad Hedayati, which stated in part,

> 4/27/2016   Received voicemail from attorney Mike Ayaz. Called Mike Ayaz back and he wanted    Dena N. Sites
> us to set aside the default judgment. He says that service was not valid in that we
> served the wrong Mohammad Hedayati. He said we served Mohammad Ali Hedayati,
> who is his client's brother, but they are not on speaking terms. I asked what his client's
> middle name is and he did not know. He will try to obtain that. I also asked for a
> confirmation email stating that he in fact represents the debtor in this matter - I am
> awaiting receipt of that email. Mike Ayaz's telephone # is

23.     On May 9th, 2016, Dena N. Sites Esq., who was and is employed by Defendant PERRY, received email correspondence from attorney Michael Ayaz

Esq., who was writing on behalf of Plaintiff homeowner Mohammad Hedayati, and informed Defendant PERRY, "You not only inappropriate served the summons and complaint, you continued to mail documents (abstract of judgment) to the same inappropriate address." Mr Ayaz, Esq. implored Defendant PERRY to "...remove the lien which were clearly entered by the court without knowledge that you served the wrong party."  See highlighted portions below

| 5/9/2016 | Below email with attached docs is saved to the X-drive: | Dena N. Sites |
|---|---|---|

From: Mike Ayaz <mike@rablake.com>
Date: May 9, 2016 at 11:08:34 AM PDT
To: "dena650@yahoo.com" <dena650@yahoo.com>
Subject: Parkside v Hedayati
Ms. Sites:

I have located the documents you requested that show that you served the wrong person in this matter. You served the defendants estranged brother at a business which my client has no interest or ownership. You not only inappropriate served the summons and complaint, you continued to mail documents (abstract of judgment) to the same inappropriate address.

This is a HOA matter , in which you represent the HOA and related to a residential property and issues thereon (governed by your client). Instead of serving my client at his home address, which is the subject of the dispute and would be the most logical/reasonable service starting point to insure proper service, you chose to serve another party at a business address.

I would again ask you to voluntary set aside the judgment and remove the lien which were clearly entered by the court without knowledge that you served the wrong party. You need to respond quickly and have until the close of business tomorrow or we will be forced to used my client's limited funds (which we would rather use to pay towards settling this matter) to prepare and file a motion to set aside. Considering the documents provided herein and our repeated requests,  we will seek, to the extent possible any and all fees associated with having to undertake the preparation and filing of a motion to set aside.

Very Truly Yours,
Michael  Ayaz
Blake & Ayaz, A Law Corporation

24.     On May 12th, 2016, Dena N. Sites Esq., who was and is employed by Defendant PERRY, notifies Michael Ayaz Esq. PERRY "will withdraw the judgment liens", as highlighted below.

> 5/12/2016    Mike,                                                              Dena N. Sites
>
> Your client's provision of a USFlooring email address to our Firm makes me doubtful of his veracity that he is not affiliated with USFlooring. Nonetheless, I will stipulate to set aside the judgment even without a stipulated settlement. I will send you the stipulation by Monday since you will be out of the office tomorrow. Your client will be responsible for paying any first appearance fee associated with the stipulation. We will withdraw the judgment liens, however, the assessment lien will remain on the property as it was properly recorded and notice was sent to your client's property address.
>
> Best,
> Dena N. Sites

**F.     Eventually the HOA Foreclosure Judgment is Set Aside and Defendant PERRY subsequently effectuates service of the Foreclosure lawsuit on Homeowner Plaintiff Mohammad Hedayati.**

25.     On June 6th, 2016, Judge Corey Cramin signed a joint stipulation in the matter <u>Parkside Community Association v. Mohammad Hedayati</u> court file # 30-2015-00806689, whereby the proof of service was withdrawn and the default and default judgment were set aside.   The joint stipulation was agreed upon due to "Defendant did not have actual notice of this action", i.e. homeowner Plaintiff Mohammad Hedayati did not have notice of the HOA Foreclosure Lawsuit Defendant PERRY filed on behalf of its client Parkside Community Association.

26.     Service of the summons and complaint in the HOA foreclosure lawsuit Parkside Community Association v Mohammad Hedayati occurred on November 15th, 2016.

27.     On January 30th, 2017, Mohammad Hedayati filed his answer in the HOA foreclosure lawsuit, which is currently pending.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

**A.  An Abstract of Judgment Attaches to All of the Judgment Debtor's Current and Future Interests in Real Property in Each County in Which the Abstract is Recorded and Makes the Judgment Creditor a Secured Creditor.**

28. A party who obtains a money judgment may create a judgment lien on real property owned by the judgment debtor by recording an abstract of judgment with a county recorder. (Code Civ. Proc., §§ 674, 697.310.) The abstract of judgment attaches to all the judgment debtor's ownership interests in real property in the county where the abstract is recorded, makes the judgment creditor a secured creditor and attaches to real property acquired by the debtor in the future. (§ 697.340; *Federal Deposit Ins. Corp. v. Charlton* (1993) 17 Cal.App.4th 1066, 1070 (Charlton).)

29. An abstract of judgment is recorded by the prevailing party after a court has awarded judgment and it attaches to all the losing party's ownership interests in real property in the county in which the abstract is recorded. (CCP § 697.340.)

30. CCP § 697.370(a) allows the Judgment Creditor to release from the judgment lien all or part of the real property subject to the lien and a release is sufficient if executed by the judgment creditor containing all the information detailed in CCP § 697.370(a)(1) -(5).  The Judgment Creditor may release from the judgment lien all or a part of the real property subject to the lien by recording with the county recorder a properly executed release. CCP § 697.400(c).

B.  **Defendant Violated the FDCPA Because it Remains Recalcitrant in Failing to Release the Judgment Liens Issued as a Result of the Judgment Obtained in HOA Foreclosure Lawsuit.**

31. Plaintiffs brings this first claim for relief against Defendant under the FDCPA, 15 U.S.C. §§ 1692. Plaintiffs incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

32. Plaintiff non-homeowner Mohammad Ali Hedayati is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

33. Plaintiff homeowner Mohammad Hedayati is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

34. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

35. The financial obligation alleged to be owed by Plaintiff non-homeowner Mohammad Ali Hedayati as a result of receiving notice from numerous County Recorders notifying him of the attachment of involuntary liens is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

36. The financial obligation alleged to be owed by Plaintiff homeowner Mohammad Hedayati is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

37. Defendant has violated the FDCPA. The violations include, but are not limited to, Defendant's conduct runs afoul of the FDCPA in that failing to record lien releases, the outstanding judgment liens violate 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of the debt in the respective County Register of Actions by declaring and publishing Defendant maintains a valid final judgment on behalf of client/judgment creditor, despite the judgment being set aside in June 2016 and Plaintiff homeowner Mohammad

Hedayati being served the summons and complaint of the HOA Foreclosure lawsuit in November 2016. Furthermore, the outstanding judgment liens represent they will attach to all real property currently owned by Plaintiff homeowner Mohammad Hedayati and any property Plaintiff homeowner Mohammad Hedayati may acquire in the future and enforce the liens through forced sale of Plaintiff homeowner Mohammad Hedayati's property.

38.  Judgment liens by operation of law attach to any real property owned by Judgment Debtor, i.e. counties of Orange, Los Angeles, San Bernardino, Riverside and San Diego.  Consequently, the outstanding judgment liens as published in the respective County Recorders' Offices violate 15 U.S.C. § 1692e(4) by creating the false, deceptive, and/or misleading representation and implication Defendant on its client's behalf, retains the right to enforce the judgment lien through the seizure, attachment or sale of Plaintiff non-homeowner Mohammad Ali Hedayati or Plaintiff homeowner Mohammad Hedayati's property, despite the judgment being set aside June 2016 and Plaintiff homeowner Hedayati being served the summons and complaint of the HOA Foreclosure lawsuit in November 2016.

39.  Judgment liens by operation of law attach to any real property owned by a Judgment Debtor, i.e. counties of Orange, Los Angeles, San Bernardino, Riverside and San Diego. Defendant's maintenance of the judgment liens violates 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken by wrongfully publicizing in the County Registers of Action valid judgment liens remain intact and will attach to all real property owned by Plaintiffs in the future, despite the judgment being set aside.

40.  Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. §§ 1692e, e(10): using false, misleading and deceptive means in connection

with the attempt to collect a debt insofar as Defendant falsely represented Plaintiffs' property could be legally encumbered by a judgment lien, despite judgment being set aside in June 2016. The outstanding judgment liens as made public on the respective County Recorders' Offices falsely represent Parkside Community Association retains a valid enforceable final judgment against Plaintiff and can enforce the judgment lien through seizure, attachment or sale of Plaintiffs' property. This constitutes a violation of 15 U.S.C. § 1692e(10).

41. Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. § 1692f: Defendant employed unfair and/or unconscionable means to collect an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692f by maintaining the outstanding judgment liens and failing to record lien releases with the respective county recorders, despite promising to withdraw the Judgment Liens in May 2016, obtaining a court order setting aside the judgment in June 2016 and Plaintiff homeowner Hedayati being served the summons and complaint of the HOA Foreclosure lawsuit in November 2016. By failing to record lien releases, the outstanding judgment liens as made public on the respective County Recorders' Offices falsely represent Parkside Community Association retains a valid enforceable final judgment against Plaintiff homeowner Mohammad Hedayati and can enforce the judgment lien through seizure, attachment or sale of Plaintiff Mohammad Hedayati's property. This constitutes a violation of 15 U.S.C. § 1692f.

42. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount on a debt not permitted by law by faithfully maintaining its recorded liens and failing to record lien releases with the respective county recorders.

43. Outstanding judgment liens as published on the County Recorders' Offices continue to expose Plaintiffs to publicity, which cause at least as much improper public exposure as communicating with a consumer via post card or

sending mail with a symbol other than the debt collector's address.  See 15 U.S.C. § 1692f(7)-(8).

44. Defendant violated 15 U.S.C. § 1692f(6) as maintaining the validity of the judicial liens recorded against Plaintiffs' property as published in the respective County Recorders is comparable to taking or threatening to take a non-judicial action to effect the dispossession of property in which the debt collector has no enforceable security interest, despite the judgment being set aside in June 2016 and Plaintiff homeowner Hedayati being served the summons and complaint of the HOA Foreclosure lawsuit in November 2016.

45. Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. § 1692d: engaging in conduct the natural consequence of which was to harass, abuse and oppress Plaintiffs.  Defendant employed unfair and/or unconscionable means to collect an alleged debt from Plaintiffs in violation of 15 U.S.C. § 1692d by maintaining the outstanding judgment liens and failing to record lien releases with the respective county recorders, despite promising to withdraw the Judgment liens in May 2016, having the Judgment being set aside in June 2016 and Plaintiff homeowner Hedayati being served the summons and complaint of the HOA Foreclosure lawsuit in November 2016.  By failing to record lien releases, the outstanding judgment liens as made public on the respective County Recorders' Offices falsely represent Parkside Community Association retains a valid enforceable final judgment against Plaintiffs and can enforce the judgment lien through seizure, attachment or sale of Plaintiffs' property.

46. Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiffs to pay a debt and to perfect its attachment rights to any property owned by Plaintiffs.

47. Because of Defendant's violations of the FDPCA, Plaintiffs have been

caused to suffer mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

48. The outstanding judgment liens, despite Defendant's promise in May 2016 to withdraw the judgment liens and the Court entering an order setting aside the judgment in 2016, continues to expose Plaintiffs to publicity and damage to their credit.

49. As a result of Defendant's violations of the FDPCA, Plaintiffs are entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court:

- Assume jurisdiction in this proceeding;
- Declare Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(10), 1692d, 1692f, 1692f(1) and 1692f(6);
- Award Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- Award Plaintiffs the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);
- Award Plaintiffs the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- Award Plaintiffs such other and further relief deemed proper and just.

Date: <u>September 20th, 2017</u>　　　　　　　　Respectfully submitted,

**The Law Office of Andrew P Rundquist**

By: /s/ Andrew Rundquist

Andrew Rundquist (SBN: 262523)
Attorney for Plaintiff Mohammad Ali Hedayati and Plaintiff Mohammad Hedayati

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE Plaintiff Mohammad Ali Hedayati and Plaintiff Mohammad Hedayati hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

By: /s/ Andrew Rundquist

Andrew Rundquist (SBN: 262523)
Attorney for Plaintiffs

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business address is Law Office of Andrew P. Rundquist, 501 W Broadway Suite A144, San Diego, CA. 92101.

On September 20th, 2017 I served the foregoing document(s):

First Amended Complaint for Damages for Violations of the FDCPA

CM/ECF-by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59pm. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 20th, 2017, San Diego, CA

By: /s/ Andrew P Rundquist
Andrew P Rundquist